MEMORANDUM OPINION
{¶ 1} On February 21, 2006, appellant, by and through counsel, filed a motion for leave to file a delayed appeal, pursuant to App.R. 5(A). Appellant appeals from her judgment of conviction and sentence issued by the trial court on December 4, 2003, in which appellant entered a plea of guilty to telephone harassment. The trial court sentenced her to serve one hundred eighty (180) days in the Lake County Jail. The court then suspended one hundred twenty (120) days of that term, making the actual sentence sixty (60) days. Appellant was also placed on two years probation and was ordered to refrain from having any contact with the victim, or any member of his family.
 {¶ 2} Appellant's notice of appeal and motion for delayed appeal were filed over two years after the December 4, 2003 judgment was entered by the trial court.
 {¶ 3} No brief or memorandum in opposition to the motion has been filed.
 {¶ 4} App.R. 5(A)(1) provides, in relevant part:
 {¶ 5} "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in * * * [c]riminal proceedings[.]" App.R. 5(A)(2) states that "[a] motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right."
 {¶ 6} In her motion, appellant asserts as her reason for failing to perfect a timely appeal that she represented herself in the trial court proceedings and she did not pursue an appeal after she was released from probation because she feared that "if she pursued this matter further while under court control, the additional 120 day suspended sentence would be imposed."
 {¶ 7} Given that over two years elapsed between the time of appellant's conviction and sentence until the filing of her motion for delayed appeal, it is evident that appellant was not diligent in taking the proper steps to protect her own rights. Further, the reason submitted by appellant as the cause for the delay does not adequately justify waiting that length of time to initiate a direct appeal. Therefore, appellant has not satisfied the requirements of App.R. 5(A).
 {¶ 8} Accordingly, it is ordered that appellant's motion for leave to file a delayed appeal is hereby overruled.
 {¶ 9} Appeal dismissed.
Grendell, J., Rice, J., concur.